UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30254

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALVA BRANTLETTE ANDING,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
(97-CR-64-1)

March 8, 1999

Before HIGGINBOTHAM, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

Appellant Alva Brantlette Anding appeals the district court's refusal to designate whether his sentence should run concurrent or consecutive to his yet to be imposed state sentence. Because we find no plain error, we affirm.

## BACKGROUND

Anding pled guilty to two counts of distribution of d-methamphetamine, one count of distribution of methamphetamine, one count of carrying a firearm in relation to a drug trafficking crime, and one count of being a felon in possession of a firearm. The court sentenced Anding to 130 months on each of the distribution counts, 60 months for carrying a firearm in relation

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

to a drug trafficking crime, and 120 months for being a felon in possession of a firearm. All of the sentences were to run concurrently except for the 60-month prison term for carrying a handgun during a drug trafficking crime.

At the time he committed these offenses, Anding was on state parole for unrelated drug trafficking crimes. Although he had pled guilty to violating the terms of his Louisiana parole, he had not been sentenced for the parole violation at the time his federal sentence was imposed.[1] Appellant's only argument on appeal is that the district court should have designated whether his federal sentence was to run consecutively or concurrently to the yet to be imposed state sentence.

**STANDARD OF REVIEW**

The parties dispute the standard of review that applies in this case. Although the record ought to be preserved in each individual case, it seems clear enough here that Anding and the district court were on the same wavelength in regard to the possibility of a concurrent sentence. Anding's counsel, the Federal Public Defender, requested a concurrent sentence from the district court in the sentencing hearing immediately before Anding's sentencing hearing. In <u>United States v. Butler</u>, the Federal Public Defender informed the court that Butler was facing a state sentence for revocation of parole due to his federal

---

[1]The record does not reflect whether Louisiana has subsequently sentenced Anding for violation of his parole.

2

conviction and requested concurrent federal and state sentences.[2] The district court initially rejected this request, but four days later, the court reconsidered the request at a new hearing. The court again rejected Butler's request because it believed that it lacked the authority to order the state sentence to run concurrently and thought that the issue should be decided by the state court. At the close of the Butler sentencing, the court mentioned that it would be facing the same issue "in about five minutes," presumably referring to Anding's impending sentence. At Anding's hearing, the issue was again raised whether the state sentence would run concurrently or consecutively to the federal sentence. Although the Federal Public Defender did not specifically request that Anding's sentence run concurrently, as he had previously done in Butler, the court and counsel recognized that it was facing the "same issue" in Anding.

But, the Federal Public Defender cannot claim the advantage of the Butler hearing and ignore the disadvantage that accrues. While he placed the concurrent sentencing issue before the court sufficiently to preserve error, Anding's counsel conceded in the district court that no statute or sentencing guideline is on point and he did not object to the district court's failure to apply the Guidelines to this sentencing issue. Appellant relies on United States v. Richardson to argue that he preserved his sentencing

_____

[2]The first sentencing hearing in Butler occurred on March 9, 1998. The sentencing at issue in this case occurred four days later on March 13, 1998. At the second hearing, the district court reconsidered Butler's sentence and then conducted Anding's sentencing hearing.

3

issue for appeal by simply requesting a concurrent sentence. See 87 F.3d 706, 710 (5th Cir. 1996). Appellant's reliance on Richardson is misplaced, however, because, unlike the defendant in Richardson, appellant's counsel specifically told the district court that, "there is no provision under Title 18 or the Guidelines for a case like this." Because Anding did not alert the district court to the issue before it, and because he now seeks to justify his argument with both statutory and Guidelines authority not presented to the trial court, Anding is subject to the plain error standard of review. See id.

An appellant who raises an issue for the first time on appeal has the burden of showing 1) the existence of actual error; 2) that the error was plain (or "clear" or "obvious") under current law at the time of sentencing; and 3) that it affected his substantial rights. See United States v. Castro, __ F.3d __, __ (5th Cir. 1999) (en banc) (per curiam). A plain error affects an appellant's substantial rights only if the error was prejudicial; in other words, "[i]t must have affected the outcome of the district court proceedings." United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993). Because the defendant bears the burden of persuasion, a court of appeals will not correct the error unless the defendant makes a "specific showing of prejudice." Id. 507 U.S. at 735, 113 S. Ct. at 1778. Even when an appellant satisfies this burden, however, this court has discretion whether to correct the error and will not do so unless the error "seriously affect[s]

4

the fairness, integrity or public reputation of judicial proceedings." Id. 507 U.S. at 735-36, 113 S. Ct. at 1778-79 (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S. Ct. 391, 392 (1936)).

## DISCUSSION

This court has permitted a federal district court to "prospectively forbid its sentence from being served concurrently with any sentence that may subsequently be handed down by a state court, even when the state proceedings arise from identical offense conduct." United States v. Brown, 920 F.2d 1212, 1216 (5th Cir. 1991) (per curiam). Thus, the district court technically erred when it implied that it lacked the authority to order Anding's federal sentence to run concurrently with a state sentence not yet imposed. See 18 U.S.C. § 3584. The court's technical error, however, was not clear or obvious at the time of sentencing.

Section 5G1.3 of the Sentencing Guidelines addresses the imposition of a sentence on a defendant who is subject to an undischarged term of imprisonment. As is evident from the parties' briefs, there is a legitimate dispute as to whether § 5G1.3(a) or § 5G1.3(c) applies and whether application note three or note six applies. Further, although the parties dispute whether subsection (c) requires a consecutive sentence for parole revocation, our case law supports the government's assertion that application note six requires a consecutive sentence for situations like Anding's. See United States v. Hornsby, 88 F.3d 336, 340 (5th Cir. 1996) (per

5

curiam); <u>United States v. Torrez</u>, 40 F.3d 84, 88 n.2 (5th Cir. 1994).  In addition, this court has not clearly resolved whether a federal district court should order a defendant's sentence to run concurrently or consecutively to a yet to be imposed state parole revocation sentence.

This is not a case where a district court's error was "so obvious, clear, readily apparent, or conspicuous that the judge was derelict by not recognizing the error."  <u>United States v. Jones</u>, 132 F.3d 232, 248 (5th Cir. 1998).  Since the district court did not plainly err in refusing to decide whether to order Anding's federal sentence to run concurrently with his subsequent state sentence, we affirm the sentence.

**AFFIRMED.**